**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000245
16-SEP-2011
10:11 AM**

NO. CAAP-10-0000245

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
JAMES B. FLYNN, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
KANEOHE DIVISION
(CASE NO. 1DTA-10-02865)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard, J.;
and Ginoza, J., concurring)

Defendant-Appellant James B. Flynn (**Flynn**) appeals from the December 15, 2010 Notice of Entry of Judgment and/or Order and Plea/Judgment filed in the District Court of the First Circuit, Kaneohe Division (**District Court**).[1]

On May 27, 2010, a Complaint was filed charging Flynn with Operating a Vehicle Under the Influence of an Intoxicant, in violation of HRS § 291E-61(a)(1) and/or (a)(3) as follows:

> On or about the 5th day of May, 2010, in the City and County of Honolulu, State of Hawaii, JAMES B. FLYNN did operate or assume actual physical control of a vehicle upon a public way, street, road, or highway while under the influence of alcohol in an amount sufficient to impair his normal mental faculties or ability to care for himself and guard against casualty; and/or did operate or assume actual physical control of a vehicle upon a public way, street, road, or highway with .08 or more grams of alcohol per two hundred ten liters of breath, thereby committing the offense of

---

[1]   The Honorable William Cardwell presided.

Operating a Vehicle Under the Influence of an Intoxicant, in violation of Section 291E-61(a)(1) and/or (a)(3) of the Hawaii Revised Statutes. JAMES B. FLYNN is subject to sentencing as a first offender in accordance with Section 291E-61(b)(1) of the Hawaii Revised Statutes.

On December 15, 2010, the date of trial, Flynn filed a motion to dismiss asserting, inter alia, that the failure to allege the requisite state of mind deprived the District Court of jurisdiction. The District Court denied the motion. Also on December 15, 2010, the State arraigned Flynn on the Complaint. Flynn orally renewed his motion to dismiss, and the District Court again denied the motion. The trial proceeded and at the conclusion of trial, the District Court found Flynn guilty under HRS § 291E-61(a)(1) and (3) and subsequently entered its judgment of conviction. This timely appeal followed.

On appeal, Flynn contends that the District Court erred in denying his motion to dismiss the charge because it omitted the mens rea for the offense, allegedly an "essential fact" under Hawai'i Rules of Penal Procedure Rule 7(d), thereby depriving the court of jurisdiction, and that the District Court consequently erred in convicting him on the defective charge.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we conclude that the complaint was not required to allege a mens rea in order to be sufficient, and we reject Flynn's challenge to the sufficiency of the complaint. See State v. Nesmith, 2011 WL 2685719, ___ Hawai'i ___, ___ P.3d ___ (App. June 22, 2011). The District Court did not err in denying the motion to dismiss.

Therefore, the District Court's December 15, 2010 Notice of Entry of Judgment and/or Order and Plea/Judgment is affirmed.

DATED:   Honolulu, Hawai'i, September 16, 2011.

On the briefs:

Timothy I. Mac Master
for Defendant-Appellant

Delanie D. Prescott-Tate
Deputy Prosecuting Attorney
for Plaintiff-Appellee

Presiding Judge

Associate Judge